UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEREMIAH J. BRUNSON,

    Petitioner,

v.                                    Case No. 3:22cv5049-MCR-HTC

STATE OF FLORIDA,

    Respondent.

_____/

ORDER AND
REPORT AND RECOMMENDATION

    Petitioner, Jeremiah J. Brunson, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in the circuit court of Escambia County, Florida, 2017 CF 3010 for failure to register as a sex offender and raising four (4) claims of trial court error. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for initial screening under Rules Governing § 2254 Cases, Rule 4 and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R.

72.2(B). Upon review, the undersigned finds the petition is untimely and, thus, recommends it be dismissed under Rule 4.[1]

## I. LEGAL STANDARDS

Under Rules Governing § 2254 Cases, Rule 4, the Court must promptly examine a habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The text of Rule 4 does not restrict summary dismissals to merits-based deficiencies. "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that the petitioner is 'not entitled to relief.'" *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653–54 (11th Cir. 2020) (district court did not abuse its discretion when it summarily dismissed habeas petition under Habeas Rule 4 as untimely).

Thus, "[u]nder circumstances that afford appropriate safeguards, a district court may *sua sponte*, without hearing from the State, dismiss as untimely a 28

---

[1] In addition to the petition being untimely, the petition is also deficient in other ways. First, Petitioner does not raise any claim that he is in custody "in violation of the Constitution or laws or treaties of the United States" as required by § 2254(a). Instead, Petitioner raises only state-law claims. However, "a habeas petition grounded on issues of state law provides no basis for habeas relief". *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir.1983)). Second, Petitioner seeks monetary damages, which "can't be sought in habeas corpus actions." *Rumph v. Superior Ct. of Houston Jud. Cir.*, 2022 WL 538942, at *1 (M.D. Ga. Jan. 10, 2022) ("Monetary damages are available in a § 1983 action but not in a habeas action.") (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

U.S.C. § 2254 petition for a writ of habeas corpus by taking judicial notice of relevant state-court dates." *Bryant v. Ford*, 967 F.3d 1272, 1273 (11th Cir. 2020). Those safeguards include providing the petitioner with adequate notice and an opportunity to respond. *Id.* at 1275-76; *Paez*, 947 F.3d at 653; *cf. Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015) (holding that the district court erred by sua sponte dismissing habeas petition on timeliness grounds because the petitioner did not have an "opportunity to challenge the arguments that the district court invoked in finding the motion untimely").

As discussed below, the undersigned will take judicial notice of Plaintiff's state court dockets, and in doing so, finds the petition is not timely filed.² Also, because Petitioner and Respondent will have an opportunity to file objections to this Report and Recommendation, this Report and Recommendation provides the appropriate safeguards for a *sua sponte* dsimissal. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that petitioner "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an

---

² The clerk is directed to attach the dockets to this Report and Recommendation.

Case No. 3:22cv5049-MCR-HTC

opportunity to object to magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue").

## II. THE PETITION IS UNTIMELY

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a § 2254 petition must be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3] The one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner, a prisoner at the Graceville Correctional Facility, is serving a five-year sentence for failure to register as a sex offender, imposed in Escambia Circuit Court case number 2017 CF 3010. Judg. & Sent., Dkt. No. 101, *State v. Brunson*, 2017 CF 3010 (June 7, 2018). He is set to be released on June 24, 2022.[4]

A review of the state court docket and the Florida Supreme Court and First District Court of Appeal's online dockets shows that Petitioner did not appeal his

---

[3] Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).
[4] Offender Information, Florida Department of Corrections Website, available at http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=312527&TypeSearch=AI (last accessed May 6, 2022).

Case No. 3:22cv5049-MCR-HTC

Judgment and Sentence, so it became final when the 30-day period in Florida for filing a direct appeal expired, here - Friday, June 29, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Fla. R. App. P. 9.140(b)(3) ("The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires).

Thus, under the AEDPA, Petitioner had one-year, or until June 29, 2019, to file his federal petition, unless the time was tolled by properly filed applications for postconviction relief. Petitioner, however, did not file an application for postconviction relief until October 2020 when he filed a habeas corpus petition directly with the Florida Supreme Court, creating SC20-1504. Dkt. No.92, 2017 CF 3010; Florida Supreme Court online docket SC20-1504 (Oct. 14, 2020). That petition, however, could not have tolled the AEDPA deadline because it had already expired more than a year earlier. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a state court application for post-conviction relief is filed after the one-year statute of

limitations has expired, it does not toll the statute because no time remains to be tolled). The petition is therefore untimely.

## III. CONCLUSION

### A. Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1.    The clerk is directed to attach a copy of Petitioner's state court dockets to this Report and Recommendation.

2.    The clerk must serve a copy of the petition and this Report and Recommendation on the Respondent, who may, but need not, respond.

Additionally, it is respectfully RECOMMENDED that:

1. The Petition under 28 U.S.C. § 2254 (ECF Doc. 1) be DISMISSED AS UNTIMELY.[5]

2. A certificate of appealability be DENIED.

3. The clerk be directed to close the file.

At Pensacola, Florida, this 11th day of May, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[5] Petitioner also filed a "Notice of Illegal Sentence", which merely parrots the allegations of the Petition.

Case No. 3:22cv5049-MCR-HTC